JORDAN RAPHAEL (SBN 252344)
jraphael@byronraphael.com
BYRON RAPHAEL LLP
811 Wilshire Blvd., 17th Floor
Los Angeles, CA  90017
Telephone:   (213) 291-9800
Facsimile:    (213) 377-5771

TIM BYRON (SBN 277569)
tbyron@byronraphael.com
BYRON RAPHAEL LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone:   (415) 839-8500
Facsimile:    (213) 377-5771

Attorneys for Plaintiff
TRADER JOE'S COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRADER JOE'S COMPANY, a California Corporation,<br><br>              Plaintiff,<br><br>      v.<br><br>4PX EXPRESS USA, a California Corporation; CAINIAO SUPPLY CHAIN US. INC., a California Corporation; and DOES 1-10, Inclusive,<br><br>              Defendants. | Case No. 2:26-cv-5708<br><br>**COMPLAINT FOR:**<br><br>**(1) Federal Trademark Infringement under 15 U.S.C. § 1114;**<br><br>**(2) Federal False Designation of Origin, False Endorsement, and Unfair Competition under 15 U.S.C. § 1125(A);**<br><br>**(3) Federal Trademark Dilution under 15 U.S.C. § 1125(C);**<br><br>**(4) Statutory Unfair Competition under Cal. Bus. & Prof. Code § 17200 *et seq*.; and**<br><br>**(5) Common Law Trademark Infringement and Unfair Competition Trademark Infringement**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff Trader Joe's Company ("Plaintiff" or "Trader Joe's"), by and through its undersigned attorneys, for its Complaint against Defendants 4PX Express USA and Cainiao Supply Chain US. Inc. (collectively, "4PX"), and DOES 1-10 (collectively with 4PX, "Defendants"), hereby alleges and avers as follows:

## NATURE OF THE ACTION

1.      This is an action to protect Trader Joe's customers from being misled and overpaying for knockoff products, while also safeguarding the integrity of the TRADER JOE'S brand.

2.      For many years, Trader Joe's has offered reusable bags bearing the TRADER JOE'S name and logo in its stores.  These bags have long been a practical, environmentally friendly way for customers to carry their groceries.

3.      Driven by customers' social media posts highlighting their versatility as lunch bags, purses, and gift bags, these tote bags have grown in popularity and become a "global status symbol."[1]  Customers often line up before stores open in hopes of purchasing new styles, and inventory frequently sells out quickly.  Despite this surge in popularity, Trader Joe's continues to offer these Mini Totes in-store at an affordable price of $2.99.

4.      Unfortunately, this increased demand has also attracted counterfeiters and infringers who are selling knockoffs at inflated prices of up to $50 per tote bag. The Defendants in this action, in particular, are selling and/or distributing hundreds of cheaply made knockoffs of Trader Joe's now-iconic tote bags via pseudonymous eBay accounts and on other e-commerce platforms.  By slavishly mimicking the designs of Trader Joe's most popular tote bags and using exact copies of Trader Joe's famous trademarks and logos on them, Defendants are cheating Trader Joe's customers and damaging the TRADER JOE'S brand.

5.      This lawsuit seeks to stop these deceptive practices and protect

---

[1] *See* https://www.forbes.com/sites/kianbakhtiari/2026/01/20/how-trader-joes-tote-bag-became-a-global-status-symbol/.

- 2 -                                                        COMPLAINT

customers from confusion and overpayment.  Trader Joe's seeks injunctive relief and monetary damages for Defendants' infringement of trademarks, false designation of origin, false endorsement, unfair competition, and trademark dilution under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), 1125(c), and related California state law.

## THE PARTIES

6.      Trader Joe's is a California corporation with its principal place of business at 800 South Shamrock Avenue, Monrovia, California 91016.  Trader Joe's is engaged in the business of selling high-quality groceries at low prices, including thousands of its own products under the TRADER JOE'S brand label. Trader Joe's owns numerous federally registered and common-law trademarks associated with its retail grocery chain and its products.

7.      Upon information and belief, Defendant 4PX Express USA is a California corporation with a principal address of 5600-5650 Grace Place, Commerce, California 90022, that operates a warehouse and distribution center at 8369 Milliken Avenue, Rancho Cucamonga, California 91730.

8.      Upon information and belief, Defendant Cainiao Supply Chain US. Inc. is a California corporation with a principal address of 2340 S. Eastern Ave., Commerce, California 90040.  On information and belief, 4PX Express Co. Ltd., a Hong Kong company and parent entity of Defendant 4PX Express USA, recently transferred its U.S.-based warehousing and logistics business, including at the 8369 Milliken Avenue facility, to Defendant Cainiao Supply Chain US. Inc.

9.      Trader Joe's is informed and believes and, on that basis, alleges that Defendant 4PX Express USA and Defendant Cainiao Supply Chain US. Inc. are related entities in the same corporate family, and were agents, partners, joint venturers, and instruments of each other, or an integrated enterprise, with regard to the conduct alleged herein.  Trader Joe's is further informed and believes and, on that basis, alleges that Defendant 4PX Express USA and Defendant Cainiao Supply

Chain US. Inc. are alter egos of each other, that there is such unity of interest and ownership that each separate entity no longer exists or are merged, that each entity is merely an alter ego of the other forming a single enterprise, and that there would be inequitable results if the entities are treated separately and the acts of one are not treated as the acts of all.  Trader Joe's further alleges on information and belief that Defendant 4PX Express USA and Defendant Cainiao Supply Chain US. Inc. were undercapitalized, failed to comply with or disregarded corporate formalities, shared directors, officers, or employees, shared funds and assets, and used each other as conduits for another.

10. Trader Joe's is informed and believes, and on that basis, alleges that Defendant 4PX Express USA, Defendant Cainiao Supply Chain US. Inc., and Defendants Does 1-10, inclusive, sued herein by fictitious names, are jointly, severally, and concurrently liable and responsible with one another on the causes of action alleged herein.

11. Trader Joe's is unaware of the names and true capacities of Defendants Does 1-10, and therefore sues them by their fictitious names.  Upon information and belief, discovery will reveal the true identities and specific conduct of those defendants and Trader Joe's will then amend this Complaint to identify them by name.

### JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over the federal trademark claims asserted in this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

13. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

14. This Court has personal jurisdiction over Defendants because Defendants transact business within the State of California.  Defendants distribute knockoff Trader Joe's products via a distribution center located at 8369 Milliken

COMPLAINT

Avenue, Rancho Cucamonga, California. Through this distribution center, Defendants distribute knockoff Trader Joe's products to end purchasers in California. Moreover, Defendant 4PX Express USA and Defendant Cainiao Supply Chain US. Inc. are both California corporations headquartered in Commerce, California. Defendants also purposefully used the TRADER JOE'S mark on knockoff products with knowledge that Trader Joe's has its principal place of business in California and sells goods and offers services in the state.

15. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and (c) because: (a) Defendants have committed unlawful acts of infringement in this District; (b) Trader Joe's was harmed in this District as a result of the unlawful conduct described herein; (c) Defendants are subject to personal jurisdiction in this District; and (d) a substantial part of the events giving rise to this litigation occurred in this District. Defendants have distributed knockoff Trader Joe's products within this District, stored such knockoff products within this District, and have received substantial revenue and profits from the sale of such knockoff products in this District.

## FACTUAL ALLEGATIONS

### A. The Trader Joe's Story

16. Trader Joe's, now one of the most popular grocery retailers in the United States, started as a local Los Angeles-area business more than 65 years ago. Growing out of a small chain of convenience stores called "Pronto Markets," Trader Joe's began operations in 1967, and has since expanded to over 625 retail stores throughout the United States.

17. Trader Joe's has always prided itself on its carefully chosen and unique food and beverage selection, and its excellent in-store customer experience. The name "Trader Joe's" has become synonymous with high-quality, affordable groceries and household essentials. The widespread success of Trader Joe's is due in large part to its carefully cultivated reputation; the unique, customer service-

COMPLAINT

focused shopping experience it offers its customers; and its innovative, high-quality, and affordable products.

### B.   Trader Joe's Intellectual Property Rights

18.   To protect its rights in its TRADER JOE'S mark, and to protect customers from confusion, Trader Joe's has acquired numerous trademark registrations from the United States Patent and Trademark Office ("USPTO") for the word mark TRADER JOE'S (the "TRADER JOE'S Word Mark") for a wide range of goods and services, including U.S. Trademark Registration No. 1,420,628 for "SPECIALTY GROCERY STORE SERVICES" in International Class 42 and U.S. Trademark Registration No. 4,001,531 for "retail grocery services" in International Class 35.  These registrations are valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065.

19.   Trader Joe's has also secured U.S. trademark registrations protecting its distinctive logo (the "TRADER JOE'S Design Mark"), shown below, including U.S. Trademark Registration No. 4,001,533 for "retail grocery services" in International Class 35 and U.S. Trademark Registration No. 2,171,157 for "retail store services in the field of specialty foods and beverages" in International Class 42.  These registrations are valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065.

| TRADER JOE'S Design Mark |
| --- |
| **TRADER JOE'S** |
| (U.S. Trademark Reg. No. 4,001,533) |

- 6 -                                        COMPLAINT

20.    Trader Joe's has also secured U.S. Trademark Registration No. 5,221,626 for a design mark featuring the TRADER JOE'S Design Mark within a circle logo (the "TRADER JOE'S Registered Circle Mark") for "[f]ood carrying bags, namely, reusable bags made from cloth or other textiles to carry products from grocery stores" and "[a]ll-purpose reusable carrying bags" in International Class 18, as well as for other goods.  This registration is valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065.

**TRADER JOE'S Registered Circle Mark**



(U.S. Trademark Reg. No. 5,221,626)

21.    Trader Joe's also owns trademark rights in several other circle-shaped marks that use TRADER JOE'S Design Mark, as shown below.  Trader Joe's uses these trademarks throughout its stores, as well as on its product packaging, in store

displays, on its website, in social media, and on its tote bags.  Trader Joe's longstanding use of these trademarks has made them extremely well-known among the public and closely associated with the TRADER JOE'S brand, which is often identified as one of the most visible and loved brands in the United States.



**Trader Joe's Circle-Shaped Logo Trademarks**





22.    Trader Joe's federal trademark registrations for its trademarks were duly and legally issued, are valid and subsisting, and constitute *prima facie*

evidence of Trader Joe's exclusive ownership of the trademarks.  Copies of these and other Trader Joe's trademark registrations are attached hereto as **Exhibit 1**.  All of Trader Joe's trademarks discussed *supra* are referred to collectively as the "Trader Joe's Trademarks."  Trader Joe's has also acquired common law rights in the Trader Joe's Trademarks through consistent use in commerce throughout the United States.

23.    Trader Joe's has invested significant time, money, and effort in advertising, promoting, and developing the Trader Joe's Trademarks.  Trader Joe's promotes its products through carefully curated channels.  It produces a newsletter, "The Fearless Flyer," which is distributed at Trader Joe's stores, mailed to homes, and available to more than 1,000,000 email subscribers throughout the United States.  Trader Joe's also advertises on its podcast, various social media platforms, and on its website, www.traderjoes.com.  Trader Joe's website offers information about Trader Joe's products and stores, and receives more than 6 million visitors monthly even though it has no e-commerce business.

24.    Trader Joe's has established substantial goodwill and widespread recognition in the Trader Joe's Trademarks, and they have become associated exclusively with Trader Joe's and its products by both customers and potential customers.  They have also achieved great fame both within and outside the United States.

### C.    Trader Joe's Iconic Totes

25.    In addition to selling food, beverages, and other household products, Trader Joe's has sold reusable TRADER JOE'S-branded grocery bags for decades. The company's introduction of low-cost reusable bags in the 1970s coincided with growing public awareness of environmental sustainability and the reduction of single-use plastics.  Trader Joe's bags offered sturdier, visually appealing alternatives at affordable prices, encouraging repeated use and brand visibility outside the store.  Below is a photograph of a classic Trader Joe's Canvas Tote.

COMPLAINT

**Trader Joe's Classic Canvas Tote**

26. Over the past several decades, these bags have evolved from simple functional items into beloved customer favorites.

27. In 2024, Trader Joe's introduced Mini Totes—smaller versions of the classic Canvas Tote:

- 10 -                                                                                    COMPLAINT

| Trader Joe's Mini Totes |
|---|
|  |

28.　Trader Joe's only sells TRADER JOE'S-branded products, including reusable bags, at its retail stores to retail customers. It does not sell them online; nor does it sell them wholesale for resale by third-party stores and websites.

　　　　　　　COMPLAINT

29.    In the last few years, Trader Joe's Mini Totes have become popular, driven by their distinctive designs and affordability.  Customers posting on social media often showcase their purchases and styling ideas, turning what was once a simple grocery accessory into a coveted item with a variety of uses.  Trader Joe's stores regularly sell out of Mini Totes, and news of Mini Tote "drops" at Trader Joe's often leads to long lines at stores.  Trader Joe's Mini Totes are a viral social media phenomenon that have been featured in thousands of user posts, as well as in thousands of articles in newspapers, magazines, and websites.

30.    Trader Joe's has also twice given away extremely limited editions of TRADER JOE'S-branded Mini Totes.  In August 2024, Trader Joe's distributed an exclusive orange mini tote bag ("Trader Joe's Orange Crew Mini Tote"), to each Trader Joe's Crew Member as a show of thanks.



Trader Joe's Orange Crew Mini Tote

COMPLAINT

31.     On August 2, 2025, a limited number of "Trader Joe's x Bay FC Mini Tote" bags were distributed to ticketholders at the Bay FC soccer game at PayPal Park in San Jose, California.

**Trader Joe's x Bay FC Mini Tote**



32.     Trader Joe's has never sold the Orange Crew Mini Tote or the Trader Joe's x Bay FC Mini Tote, and their limited availability has made them highly sought after by fans of Trader Joe's and its tote bags.

33.     The massive popularity of Trader Joe's Mini Totes has made them an attractive and lucrative target for counterfeiting and trademark infringement.  Their distinctive trademarks and iconic designs are immediately recognizable, making them especially vulnerable to imitation by unauthorized parties seeking to capitalize on the enormous demand for these bags.

**D.    Defendants' Wrongful and Infringing Conduct**

34.    4PX is a California-based logistics enterprise with facilities across the United States.  4PX provides integrated logistics services, including warehousing, inventory management, and order fulfillment, for foreign companies seeking to distribute goods in the United States.  4PX plays a critical role in the importation of goods into the United States by, *inter alia*, receiving goods shipped into the United States by foreign manufacturers, storing inventory of said goods in the United States, sorting and packaging said goods for domestic shipment to purchasers, and delivering said goods to domestic mail carriers such as the U.S. Postal Service ("USPS") for delivery to purchasers.  And, as discussed further below, 4PX is distributing knockoff TRADER JOE'S-branded tote bags throughout the United States, including in this District.

35.    4PX operates a logistics facility at 8369 Milliken Avenue, Rancho Cucamonga, California, as shown in the Google Street View photographs below.

| 4PX's Rancho Cucamonga Facility (front view) |
| --- |

- 14 -                                                    COMPLAINT



**4PX's Rancho Cucamonga Facility (rear view)**

36.    Trader Joe's recently discovered that two eBay accounts—"wanda_harris" and "fannie_darlene" (collectively, the "eBay Account Defendants")—are offering several assortments of purported TRADER JOE'S-branded Mini Totes (the "Knockoff Totes") for sale via eBay.com.  For example, as shown in the screenshot below, eBay account "fannie_darlene" currently has eight eBay listings, all featuring one or more Knockoff Totes.  This account currently sells no products other than Knockoff Totes.

- 15 -                                        COMPLAINT

**eBay Product Listings for Knockoff Totes**



37.     The eBay "about" page for both eBay Account Defendants indicates that they both joined eBay as sellers on the same day—November 22, 2024—and are both located in Hong Kong.[2]  However, the eBay product listings for the Knockoff Totes state the products are "Located In: Rancho Cucamonga, California" and are offered with "Free delivery in 2-4 days."  The eBay Account Defendants advertise the Knockoff Totes as "Brand New" and "Genuine."

[2] https://www.ebay.com/usr/fannie_darlene?_tab=about;
https://www.ebay.com/usr/wanda_harris?_tab=about

- 16 -                                                    COMPLAINT

38.     According to their eBay product listings for the Knockoff Totes, the eBay Account Defendants have already sold thousands of the Knockoff Totes; for example, the listing below (item 146775485363) shows that the seller has already sold at least 332 sets of eight Knockoff Totes.

**eBay Product Listing for Knockoff Totes**



39.     The Knockoff Totes include limited-run products that were never sold in stores and only distributed in limited quantities.  For example, the eBay product listing for the "Trader Joe's Mini Canvas Tote Bag Full Set" (item 336128204574) sold under the "wanda_harris" account includes photos of what appear to be a set of nine TRADER JOE'S-branded tote bags, including the exclusive Orange Crew Mini Tote, which was never sold in stores:

- 17 -                                                    COMPLAINT

| eBay Product Listing for Knockoff Totes |
|---|

40.　Similarly, the eBay listing for the "Limited Edition Bay FC x Trader Joe's Mini Tote Bag" (item 336274584482) sold under the "wanda_harris" account includes photos of what appears to be the limited-edition Trader Joe's x Bay FC Mini Tote, which was never sold in stores and only given away in limited quantities:



**eBay Product Listing for Knockoff Totes**

41.     In an eBay user review of one of the Knockoff Tote sets sold by "wanda_harris," a purchaser questioned the authenticity of the products, writing:

> I doubt whether these Trader Joe's mini tote bags are authentic. When I received them, the outer packaging was labeled "Orange Canvas Bag/Tool Bag" and said "Made in China," while the tag on the tote itself says "Made in Vietnam" — which is confusing. The fabric and color also feel a bit different from the ones I bought directly at Trader Joe's. Even the letters on the bag looks different. Something just doesn't seem right.

The user review included a photograph showing an example of a Knockoff Tote next to an authentic Trader Joe's Mini Tote:

- 19 -                                                    COMPLAINT

| User Review of Knockoff Totes |
|---|

42.    Concerned about customers potentially being sold knockoffs of authentic Trader Joe's Mini Totes, Trader Joe's investigated further by engaging a third party to conduct test purchases.  On April 30, 2026, a purported "Trader Joe's Mini Canvas Tote Bag Full Set" (item 336128204574) and "Limited Edition Bay FC X Trader Joe's Mini Tote Bag" (item 336274584482) were purchased through eBay from the "wanda_harris" eBay account for delivery to an address in Woodland Hills, California.

COMPLAINT



**Knockoff Totes Test Purchase**

43.   On April 30, 2026, the purchaser of the Knockoff Totes received an order confirmation email from eBay.  The email included a Hong Kong address for "wanda_harris," as shown below.

COMPLAINT

| Knockoff Totes Test Purchase |
|---|

Limited Edition Bay FC x Trader Joe's Mini Tote Bag



Price:

**$49.99**

Item ID:

336274584482

Order number:

18-14563-85350

Seller:

wanda_harris
HONG KONG JIANCHENGDA TRADING
CO LIMITED
Flat/rm 917a Block A 9/f, New Mandarin
Plaza,
No 14 Science Museum Road, Tsim Sha
Tsui,
Hong Kong, 999077
HK

44.    On the next day, May 1, 2026, the purchaser of the Knockoff Totes received an order update email from eBay@ebay.com with a hyperlink to tracking information for the order.  According to this tracking information, a shipping label for the purchase was created on May 1, 2026 at 12:08 a.m. at "Rancho Cucamonga, CA 91730," the city and zip code for Defendant 4PX Express USA's Rancho Cucamonga facility.

45.    On May 4, 2026—the very next business day—the Knockoff Totes purchased from "wanda_harris" through eBay were delivered by USPS Ground to an address in Woodland Hills, California.  The label on the packaging of the Knockoff Totes included a return address of 8369 Milliken Avenue, Rancho Cucamonga, California 91730—Defendant 4PX Express USA's address.

COMPLAINT

| Knockoff Totes Test Purchase |
| --- |

46.    Trader Joe's inspection of the Knockoff Totes confirmed that the bags were not genuine TRADER JOE'S-branded products.  Among other things, the stitching color, fabric color, fabric weight, and fabric weave did not match those of authentic TRADER JOE'S-branded totes; nor did the printing on the products' hangtags.  The Knockoff Totes also featured labels with lot codes that did not match the lot codes of authentic TRADER JOE'S-branded totes.  The photographs shown below illustrate some of the differences in the fabric colors, strap widths, and logo stitching colors of the Knockoff Totes as compared to authentic TRADER JOE'S-branded totes.  In particular, the Knockoff Totes have straps that are narrower and more muted in color than the straps on authentic TRADER JOE'S-branded totes.  The colors of the threads used to stitch the TRADER JOE'S logo on the Knockoff Totes are also noticeably different from the colors used on the authentic Mini Totes.  In each photograph, the Knockoff Tote is shown at top and the authentic TRADER JOE'S-branded tote is shown at bottom.

COMPLAINT

| Knockoff (top) vs. Authentic (bottom) Mini Totes |
|---|

 



(Zoomed-In Detail Image)



(Zoomed-In Detail Image)

COMPLAINT

47.    Test purchases were also made of purported Trader Joe's Mini Totes sold by eBay account "fannie_darlene."  Tracking information for this purchase also showed a shipping label created at "Rancho Cucamonga, CA 91730," the city and zip code for Defendant 4PX Express USA's Rancho Cucamonga facility, and the package arrived via USPS with the same 8369 Milliken Avenue return address. Trader Joe's inspection of the Knockoff Totes purchased from "fannie_darlene" determined that they also were not genuine TRADER JOE'S-branded products for the same reasons given above.

48.    On information and belief, the eBay Account Defendants—both of whom are in Hong Kong, according to their eBay profiles—are utilizing 4PX's logistics and distribution services to distribute the Knockoff Totes in the United States.  The details of the test buys discussed above establish that 4PX is receiving inventory of Knockoff Totes from the (apparently overseas) manufacturer of the Knockoff Totes; storing inventory of the Knockoff Totes at its Rancho Cucamonga facility; responding immediately to eBay purchases by printing shipping labels at its Rancho Cucamonga facility; sorting, packaging, and labeling Knockoff Totes for shipment to eBay purchasers at its Rancho Cucamonga facility; and distributing the Knockoff Totes to eBay purchasers in the United States via its Rancho Cucamonga facility.

49.    Defendant 4PX Express USA has a history of counterfeiting and trademark infringement.  Mobile phone case company Otter Products, LLC sued 4PX Express USA twice for counterfeiting and trademark infringement, alleging that it was working with China-based manufacturers of counterfeit goods to import, sell, and distribute those products in the United States via platforms including eBay. *See Otter Products, LLC v. 4PX Express USA Inc.*, Case No. 7:21-cv-0460 (S.D.N.Y., filed May 21, 2021); *Otter Products, LLC v. 4PX Express USA Inc.*, Case No. 7:23-cv-11111 (S.D.N.Y., filed Dec. 22, 2023).  In the latter case, 4PX Express USA moved to dismiss the complaint on the theory that it had only *shipped*

the counterfeit goods. 2025 WL 357788, at *3 (S.D.N.Y. Jan. 31, 2025). The district court rejected this argument and denied its motion, noting that the Lanham Act prohibits not only the sale of infringing goods, but also their **distribution**. *Id.* at *3. The court wrote: "Plaintiff sufficiently pleads Defendant's acts of 'distribution' or 'distributing,' which, for pleading purposes, suffice to state a claim of direct counterfeiting and trademark infringement." *Id.* at *3. Shortly thereafter, 4PX Express USA's counsel withdrew from the case and it ceased participating in the action. The court ultimately entered default judgment of $875,000 against 4PX Express USA and a permanent injunction barring it from any further infringement of Otter Products' trademarks. 2025 WL 2144780, at *5 (S.D.N.Y. July 29, 2025). In its order granting default judgment, the court also found that 4PX Express USA was a "willful infringer." *Id.* at *3.

50.    On information and belief, U.S. Customs have performed at least one seizure of counterfeit products from Defendant 4PX Express USA: in entering default judgment, the court in *Otter Products* noted that "[o]n May 20, 2021, United States Customs seized 180 counterfeit products imported by Defendant." *Id.* at *1.

51.    For the reasons alleged above and below, Trader Joe's brings this lawsuit to stop Defendants' ongoing infringement of Trader Joe's trademarks, and to prevent any further harm to consumers and Trader Joe's valuable trademark rights.

## COUNT I

### (Federal Trademark Infringement, 15 U.S.C. § 1114)

52.    Trader Joe's repeats, realleges, and incorporates herein by reference the allegations in the foregoing paragraphs as if fully set forth herein.

53.    Trader Joe's engages in interstate activities to promote its goods and services using its registered trademarks, as well as the goodwill associated with said trademarks, throughout the United States.

54.     Trader Joe's registered trademarks have been, and will continue to be, known throughout the United States as identifying and distinguishing Trader Joe's products and services.

55.     Trader Joe's registered trademarks have been registered with the USPTO, are valid and subsisting, and are in full force and effect.

56.     Defendants have knowingly, intentionally, and without Trader Joe's consent used in commerce copies, variations, reproductions, simulations, and/or colorable imitations of Trader Joe's federally registered trademarks in connection with the advertising, marketing, promotion, sale, distribution, shipping, transportation, and importation of the Knockoff Totes.  In particular, 4PX has knowingly, intentionally, and without Trader Joe's consent used in commerce copies, variations, reproductions, simulations, and/or colorable imitations of Trader Joe's federally registered trademarks in connection with the distribution, shipping, transportation, importation, and storage of the Knockoff Totes.  Such use infringes Trader Joe's exclusive rights in its federally registered trademarks, explicitly misleads as to the source or sponsorship of the Knockoff Totes, and has caused and is likely to cause confusion, mistake, or deception as to the source of the Knockoff Totes.

57.     The aforementioned acts of Defendants constitute trademark infringement in violation of 15 U.S.C. § 1114.

58.     Upon information and belief, Defendants' actions are deliberate, willful, and intended to confuse the public as to the source of Defendants' goods or services, to injure Trader Joe's, and to reap the benefit of Trader Joe's goodwill associated with its brand and trademarks.

59.     As a direct and proximate result of Defendants' infringing activities, Trader Joe's has been injured and will continue to suffer injury to its business and reputation unless Defendants are restrained by this Court from infringing Trader Joe's registered trademarks.

COMPLAINT

60.     Trader Joe's has no adequate remedy at law and is entitled to preliminary and permanent injunctive relief prohibiting Defendants from using Trader Joe's registered trademarks, or any marks identical and/or confusingly similar to said trademarks, for any purpose.

61.     Pursuant to 15 U.S.C. § 1117(a),  Trader Joe's is also entitled to recover from Defendants, *inter alia*: all damages that Trader Joe's has sustained and will sustain as a result of Defendants' infringing acts; all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known; and the costs of this action and attorneys' fees.

## COUNT II

**(Federal False Designation of Origin, False Endorsement, and**

**Unfair Competition, 15 U.S.C. § 1125(a))**

62.     Trader Joe's repeats, realleges, and incorporates herein by reference the allegations in the foregoing paragraphs as if fully set forth herein.

63.     Trader Joe's engages in interstate activities to promote its goods and services using the Trader Joe's Trademarks, as well as the goodwill associated with the Trader Joe's Trademarks, throughout the United States.

64.     The Trader Joe's Trademarks have been, and will continue to be, known throughout the United States as identifying and distinguishing Trader Joe's products and services.

65.     Defendants have knowingly, intentionally, and without Trader Joe's consent engaged in the advertising, marketing, promotion, sale, distribution, shipping, transportation, and importation of the Knockoff Totes.  In particular, 4PX has knowingly, intentionally, and without Trader Joe's consent engaged in the distribution, shipping, transportation, importation, and storage of the Knockoff Totes.

66.     Via such conduct, Defendants have used in commerce a word, term, name, symbol, device, or any combination thereof, a false designation of origin,

- 28 -                                             COMPLAINT

and/or a false or misleading or misleading representation of fact that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Trader Joe's, or as to the origin, sponsorship, or approval of the Knockoff Totes by Trader Joe's.

67. The aforementioned acts of Defendants constitute false designation of origin, false endorsement, and unfair competition in violation of 15 U.S.C. § 1125(a).

68. Upon information and belief, Defendants' actions are deliberate, willful, and intended to confuse the public as to the source of Defendants' goods or services, to injure Trader Joe's, and to reap the benefit of Trader Joe's goodwill associated with its brand and trademarks.

69. As a direct and proximate result of Defendants' infringing activities, Trader Joe's has been injured and will continue to suffer injury to its business and reputation unless Defendants are restrained by this Court from infringing Trader Joe's Trademarks.

70. Trader Joe's has no adequate remedy at law and is entitled to preliminary and permanent injunctive relief prohibiting Defendants from using the Trader Joe's Trademarks, or any marks identical and/or confusingly similar to said trademarks, for any purpose.

71. Pursuant to 15 U.S.C. § 1117(a), Trader Joe's is also entitled to recover from Defendants, *inter alia*: all damages that Trader Joe's has sustained and will sustain as a result of Defendants' infringing acts; all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known; and the costs of this action and attorneys' fees.

## COUNT III

### (Federal Trademark Dilution, 15 U.S.C. § 1125(c))

72.     Trader Joe's repeats, realleges, and incorporates herein by reference the allegations in the foregoing paragraphs as if fully set forth herein.

73.     The Trader Joe's Trademarks are individually and collectively famous in the United States.

74.     Defendants have knowingly, intentionally, and without Trader Joe's consent engaged in the advertising, marketing, promotion, sale, distribution, shipping, transportation, and importation of the Knockoff Totes.  In particular, 4PX has knowingly, intentionally, and without Trader Joe's consent engaged in the distribution, shipping, transportation, importation, and storage of the Knockoff Totes.

75.     Defendants' use in commerce of copies, variations, reproductions, simulations or colorable imitations of the Trader Joe's Trademarks has diluted and will continue to dilute and tarnish the distinctive quality of Trader Joe's famous and distinctive trademarks.

76.     The aforesaid acts of Defendants constitute dilution by blurring by whittling away the distinctiveness of Trader Joe's famous trademarks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

77.     The aforesaid acts of Defendants also constitute dilution by tarnishment in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

78.     Upon information and belief, Defendants' dilution of the Trader Joe's Trademarks has been deliberate, intentional, and willful.

79.     As a direct and proximate result of the foregoing acts of Defendants, Trader Joe's has been damaged and has suffered and will continue to suffer immediate and irreparable injury.

80.     Trader Joe's has no adequate remedy at law and is therefore entitled to preliminary and permanent injunctive relief.

COMPLAINT

81.    Due to Defendants' willful dilution of the Trader Joe's Trademarks, pursuant to 15 U.S.C. § 1117(a), Trader Joe's is also entitled to recover from Defendants, *inter alia*: all damages that Trader Joe's has sustained and will sustain as a result of Defendants' infringing acts; all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known; and the costs of this action and attorneys' fees.

## COUNT IV

### (Violation of California Business & Professions Code § 17200 *et seq*.)

82.    Trader Joe's repeats, realleges, and incorporates herein by reference the allegations in the foregoing paragraphs as if fully set forth herein.

83.    By reason of the foregoing acts, Defendants have intentionally caused a likelihood of confusion among the public and have engaged in unlawful, unfair, and/or fraudulent business practices in violation of Cal. Bus. & Prof. Code § 17200.

84.    As a direct result of Defendants' unfair competition, Defendants have unlawfully acquired, and continue to acquire on an ongoing basis, an unfair competitive advantage and have engaged in, and continue to engage in, wrongful business conduct to Defendants' monetary advantage and to the detriment of Trader Joe's.

85.    Trader Joe's is entitled to all remedies available under Cal. Bus. & Prof. Code § 17200.

## COUNT V

### (Common Law Trademark Infringement and Unfair Competition)

86.    Trader Joe's repeats, realleges, and incorporates herein by reference the allegations in the foregoing paragraphs as if fully set forth herein.

87.    Defendants' acts as described herein constitute common law trademark infringement and unfair competition and have created and will continue to create, unless enjoined by the Court, a likelihood of confusion to the irreparable injury of Trader Joe's.  Trader Joe's has no adequate remedy at law for this injury.

COMPLAINT

88.   Defendants acted with full knowledge of Trader Joe's use of and statutory and common law rights to the Trader Joe's Trademarks, and have done so without regard to the likelihood of confusion to the public created by Defendants' activities.

89.   Defendants' acts of trademark infringement and unfair competition have caused damage and irreparable injury to Trader Joe's in an amount to be determined at trial, and such acts will result in further damage and irreparable injury if Defendants are not enjoined by this Court.

90.   Defendants' acts have also been willful and constitute fraud, oppression, and/or malice.

91.   Accordingly, Trader Joe's is entitled to exemplary damages pursuant to Cal. Civ. Code § 3294(a) in addition to all other available remedies.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Trader Joe's Company respectfully requests that judgment be entered in its favor and against Defendants and that the Court grant the following relief:

1.   A Judgment in favor of Trader Joe's and against Defendants as to each of the above Counts.

2.   A Judgment that:

    a.   Defendants have violated Section 32 of the Lanham Act, 15 U.S.C. § 1114;

    b.   Defendants have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

    c.   Defendants have violated Section 43(c) of the Lanham Act, 1 5 U.S.C. § 1125(c);

    d.   Defendants' violations of the Lanham Act were willful and

COMPLAINT

intentional;

  e. Defendants have violated California Business & Professions Code § 17200, *et seq.*; and

  f. Defendants have engaged in trademark infringement and unfair competition in violation of the common law of the State of California.

3. An Order granting permanent injunctive relief restraining and enjoining Defendants, their agents, servants, employees, officers, associates, and all persons acting by, through, or in concert with any of them from: (i) advertising, marketing, promoting, selling, distributing, shipping, transporting, or importing the Knockoff Totes or any other products that infringe the Trader Joe's Trademarks; (ii) using the Trader Joe's Trademarks or any confusingly similar marks, or assisting, aiding, or abetting any other person or entity in doing so; and (iii) otherwise infringing or diluting the Trader Joe's Trademarks.

4. An Order requiring Defendants, within ten (10) days after service of the injunction, to file with this Court and serve on Trader Joe's a report, in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

5. An Order requiring Defendants, within thirty (30) days after entry of judgment, to:

  a. Deliver to counsel for Trader Joe's any and all goods in their possession, custody, or control that infringe the Trader Joe's Trademarks;

  b. Recall all goods sold or distributed by them that infringe the Trader Joe's Trademarks;

  c. Deliver to counsel for Trader Joe's any and all documents in their possession, custody, or control that reflect or relate to the purchase, importation, storage, shipping, or sale of goods that

infringe the Trader Joe's Trademarks; and

d.     Deliver to counsel for Trader Joe's a complete list of persons and entities from whom Defendants purchased, and to whom they sold, goods that infringe the Trader Joe's Trademarks.

6.     An Order requiring Defendants, within thirty-five (35) days after entry of judgment, to file with this Court and serve on Trader Joe's a report, in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with paragraph 5 above.

7.     That Defendants be ordered to pay over to Trader Joe's all damages which Trader Joe's has sustained as a consequence of the acts complained of herein, subject to proof at trial, and that Trader Joe's be awarded Defendants' profits derived by reason of said acts, all as determined by said accounting.

8.     That Defendants' acts complained of herein be deemed willful, and that this be deemed an exceptional case and that the damages awarded be trebled and the award of Defendants' profits be enhanced as provided for by 15 U.S.C. § 1117(a).

9.     That Trader Joe's recover exemplary damages pursuant to Cal. Civ. Code § 3294.

10.     That Trader Joe's be awarded its costs, attorneys' fees, and expenses in this suit pursuant to 15 U.S.C. § 1117 and the relevant state statutes and common law cited herein.

11.     That Trader Joe's be awarded prejudgment and post-judgment interest on all monetary awards.

12.     That the Court award such other and further relief that it may deem just or proper.

Dated: May 28, 2026

BYRON RAPHAEL LLP

By:     */s/ Tim Byron*
          TIM BYRON

JORDAN RAPHAEL (SBN 252344)
jraphael@byronraphael.com
BYRON RAPHAEL LLP
811 Wilshire Blvd., 17th Floor
Los Angeles, CA  90017
Telephone:   (213) 291-9800
Facsimile:   (213) 377-5771

TIM BYRON (SBN 277569)
tbyron@byronraphael.com
BYRON RAPHAEL LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone:   (415) 839-8500
Facsimile:   (213) 377-5771

*Attorneys for Plaintiff*
TRADER JOE'S COMPANY

COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff Trader Joe's Company hereby demands a jury trial pursuant to Fed. R. Civ. P. 38 on all issues raised in the Complaint.

Dated: May 28, 2026                    BYRON RAPHAEL LLP

                                       By:    */s/ Tim Byron*
                                              Tim Byron

                                       JORDAN RAPHAEL (SBN 252344)
                                       jraphael@byronraphael.com
                                       BYRON RAPHAEL LLP
                                       811 Wilshire Blvd., 17th Floor
                                       Los Angeles, CA  90017
                                       Telephone:  (213) 291-9800
                                       Facsimile:   (213) 377-5771

                                       TIM BYRON (SBN 277569)
                                       tbyron@byronraphael.com
                                       BYRON RAPHAEL LLP
                                       100 Pine Street, Suite 1250
                                       San Francisco, CA 94111
                                       Telephone:  (415) 839-8500
                                       Facsimile:   (213) 377-5771

                                       *Attorneys for Plaintiff*
                                       TRADER JOE'S COMPANY